United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 30, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40371
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE RIVAS-MARTINEZ,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. B-03-CR-853-ALL
--------------------

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Rivas-Martinez appeals his sentence imposed following his guilty plea conviction for illegal reentry into the United States following deportation.  Martinez was sentenced to a term of imprisonment of 24 months, to be followed by a three-year term of supervised release.  Rivas argues that the district court plainly erred in assigning him criminal history points for his Texas misdemeanor convictions for evading arrest and failing to identify himself to a peace officer because they are similar to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offenses listed in U.S.S.G. § 4A1.2(c)(1), which are not counted in calculating criminal history points.

Because Rivas filed no objections to the PSR, review is for plain error. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc). Rivas's prior convictions for evading arrest and failure to identify himself to a peace officer each resulted in a 20-days sentence of imprisonment and were not similar to his instant offense of conviction. See U.S.S.G. § 4A1.2(c). The offenses were similar to the offenses of resisting arrest and providing false information to a peace officer, which are excluded from consideration in assigning criminal history points if the sentence imposed is for less than one year of imprisonment. Id.; United States v. Moore, 997 F.2d 30, 34-35 & n.6 (5th Cir. 1993); United States v. Reyes-Maya, 305 F.3d 362, 367-68 (5th Cir. 2002). Therefore, the district court erroneously assigned Rivas criminal history points for his prior misdemeanor convictions for evading arrest and failure to identify himself to a peace officer.

Because the errors resulted in Rivas receiving a higher sentencing guideline range, his substantial rights were affected by the error. See United States v. Aderholt, 87 F.3d 740, 744 (5th Cir. 1996). Thus, the errors were plain errors warranting a resentencing without consideration of the two additional criminal history points based on Rivas's prior misdemeanor convictions for

evading arrest and failing to identify himself to a peace officer.

Rivas also argues that the sentencing enhancements under 8 U.S.C. § 1326(b) are unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). He further argues that if <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), is applied to the federal sentencing guidelines, his sentence should be recalculated.

Rivas concedes that his arguments are foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), and by this court's decision in <u>United States v. Pineiro</u>, 377 F.3d 464, 473 (5th Cir. 2004), <u>petition for cert. filed</u>, (July 14, 2004) (No. 03-30437), but he states that he raises the issues to preserve them for further review.

<u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>. See <u>Apprendi</u>, 530 U.S. at 489-90; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it." <u>Dabeit</u>, 231 F.3d at 984 (internal quotation marks and citation omitted). Furthermore, this court has held that <u>Blakely</u> does not apply to the Federal Sentencing Guidelines. <u>Pineiro</u>, 377 F.3d at 473. This argument is without merit.

Rivas's sentence imposed is VACATED, and the case is REMANDED to the district court for resentencing in accordance with this opinion.

SENTENCE VACATED; REMANDED FOR RESENTENCING.