# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———

No. 17-50059
Summary Calendar

———

United States Court of Appeals
Fifth Circuit

**FILED**
November 6, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JULIO CESAR HERNANDEZ-ARCHILA, also known as Julio Cesar Hernandez-Archilla,

Defendant-Appellant

--------------------------------------------------------------------------------------------

Consolidated with: 17-50071

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JULIO CESAR HERNANDEZ-ARCHILA,

Defendant - Appellant

———

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:16-CR-1410-1
USDC No. 3:16-CR-1699-1

———

No. 17-50059
c/w No. 17-50071

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:[*]

In these consolidated appeals, Julio Cesar Hernandez-Archila challenges (1) the 21-month term of imprisonment imposed for his conviction of illegal reentry of the United States after deportation, and (2) the consecutive 18-month term of imprisonment imposed following the revocation of his supervised release for a prior illegal reentry offense. He argues that the combined sentence is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a) and therefore is substantively unreasonable.

Because Hernandez-Archila did not object to the reasonableness of his sentences in the district court, we will review for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Hernandez-Archila notes that there is a circuit split on the issue whether the failure to object to the reasonableness of a sentence requires plain error review, and he raises the issue to preserve it for further review.

To demonstrate plain error, Hernandez-Archila must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Because the sentences fall within their respective guidelines ranges, they are entitled to a presumption of reasonableness. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *United States v. Lopez-Velasquez*,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

526 F.3d 804, 809 (5th Cir. 2008). Hernandez-Archila argues that the sentence imposed for his illegal reentry offense should not be accorded a presumption of reasonableness because the applicable Guideline, U.S.S.G. § 2L1.2, is not empirically based. However, he concedes that his argument is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009). He raises the issue to preserve it for further review.

In previous cases, we have rejected several of the arguments that Hernandez-Archila raises on appeal. We have not been persuaded by the contention that § 2L1.2's lack of an empirical foundation necessarily renders its application unreasonable. *See Mondragon-Santiago*, 564 F.3d at 366-67. Nor have we been persuaded that the offense of illegal reentry is treated too harshly under § 2L1.2 because it is in essence an international trespass. *See United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008). We have rejected the contention that § 2L1.2's double-counting of a defendant's criminal history necessarily renders a sentence unreasonable. *See Duarte*, 569 F.3d at 529-31. Additionally, Hernandez-Archila's challenge to the district court's decision to run his revocation sentence consecutively to his illegal reentry sentence is unpersuasive given that the Sentencing Guidelines recommend that a revocation sentence of imprisonment be imposed to run consecutively to any sentence of imprisonment that the defendant is serving. See U.S.S.G. § 7B1.3(f), p.s.

Further, the record reflects that the district court considered, but rejected, Hernandez-Archila's argument that his desire to reunite with his family in the United States, and especially his concern for his ill mother, warranted leniency. Hernandez-Archila's contention that his benign motives for returning to the United States warranted a lesser sentence is unavailing.

*See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Hernandez-Archila's arguments amount to a request for this court to reweigh the sentencing factors, which we will not do. *See United States v. McElwee*, 646 F.3d 328, 344 (5th Cir. 2011).

Hernandez-Archila has not shown that the district court failed to consider any significant factors, gave undue weight to any improper factors, or clearly erred in balancing the sentencing factors; thus, he has not rebutted the presumption of reasonableness. *See Cooks*, 589 F.3d at 186. Accordingly, the judgments of the district court are AFFIRMED.