# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10236
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
February 22, 2019
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JONATHAN WAYNE SMOCK,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-173-1

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jonathan Wayne Smock appeals the 210-month sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C). He argues that the district court committed reversible plain error by assessing an enhancement for possession of a weapon under U.S.S.G. § 2D1.1(b)(1) and assigning him three criminal history points for his Texas

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

theft conviction and three points for his federal unauthorized use of an access device conviction.

As Smock concedes, our review is for plain error only. *See United States v. Benitez*, 809 F.3d 243, 248-49 (5th Cir. 2015). Accordingly, Smock must establish that (1) there was an error; (2) the error was clear or obvious; and (3) the error affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). In order to establish that his substantial rights have been affected, Smock must "'show a reasonable probability that, but for the error,' the outcome of the proceeding would have been different." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (citation omitted). If those requirements are met, this court has the discretion to correct the error, but only if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted); *see Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1906-07 (2018).

Assuming that the district court erred, issues we do not reach, Smock is not entitled to relief because he has not shown that the errors affected his substantial rights. Smock's criminal history category would have remained VI if the contested criminal points had not been assigned, and the record establishes that the district court would have imposed the same sentence absent the firearms enhancement because it deemed the 210-month, above-guidelines sentence the minimum sentence necessary to satisfy 18 U.S.C. § 3553(a). *See Molina-Martinez v. United States*, 136 S. Ct. at 1343 (2016); *United States v. Nina-Carreon*, 910 F.3d 194, 197 (5th Cir. 2018).

AFFIRMED.