# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

⸻

No. 18-40768

⸻

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

ELEAZAR PEREZ-MATEO,

      Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**
June 10, 2019

Lyle W. Cayce
Clerk

⸻

Appeal from the United States District Court
for the Southern District of Texas

⸻

Before HIGGINSON and WILLETT, Circuit Judges, and BROWN, District Judge.[*]

STEPHEN A. HIGGINSON, Circuit Judge:

In May 2018, Eleazar Perez-Mateo pleaded guilty to one count of illegal reentry in violation of 8 U.S.C. § 1326. Using the 2016 Guidelines Manual, the Probation Office's Pre-Sentence Report ("PSR") calculated for Perez-Mateo a total offense level of 13 and a criminal history category of IV, resulting in a Guidelines imprisonment range of 24 to 30 months. Relevant to this appeal, in calculating Perez-Mateo's criminal history score, the PSR assessed two points

---

[*] District Judge of the Northern District of Mississippi, sitting by designation.

for a February 2007 misdemeanor conviction for aiding and abetting illegal entry.

Neither the government nor Perez-Mateo objected to the PSR. Further, at the August 2018 sentencing hearing, Perez-Mateo verbally confirmed that "everything was correct" in the PSR. The district court accordingly adopted the PSR's offense level and criminal history calculations. Before pronouncing a sentence, the district court noted that Perez-Mateo had "consistently been involved in criminal conduct for a good amount of the time that [he had] been here in the United States." Yet, the district court recognized that Perez-Mateo had multiple minor children living in the United States, including a fourteen-year-old suffering from cancer. Having laid out these considerations, the district court explained that it would decline to vary upwards: "So I'll leave you here, but I'm going to sentence you at the high end." The district court sentenced Perez-Mateo to 30 months of imprisonment and three years of supervised release.

Perez-Mateo timely filed a notice of appeal. On appeal, Perez-Mateo argues for the first time that his February 2007 conviction should not have counted towards his criminal history score. Without the February 2007 conviction, his criminal history category would have been III, not IV, resulting in a Guidelines imprisonment range of 18 to 24 months instead of 24 to 30 months. Perez-Mateo contends that this was a plain error affecting his substantial rights, *see* FED. R. CRIM. PRO. 52(b), and that this court should exercise its discretion to correct the error.

## I.

The federal Sentencing Guidelines are "complex," so "there will be instances when a district court's sentencing of a defendant within the framework of an incorrect Guidelines range goes unnoticed. In that circumstance, because the defendant failed to object to the miscalculation,

No. 18-40768

appellate review of the error is governed by Federal Rule of Criminal Procedure 52(b)." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1342–43 (2016).

Under Rule 52(b), a court of appeals has discretion to correct an error newly raised on appeal only if the error (1) was not intentionally relinquished or abandoned, (2) was plain, clear, or obvious, and (3) the error affected the defendant's substantial rights. *Id.* at 1343 (citing *United States v. Olano*, 507 U.S. 725 (1993)). Where those three conditions are met, and the error also "'seriously affects the fairness, integrity or public reputation of judicial proceedings,'" then "the court of appeals should exercise its discretion to correct the forfeited error." *Id.* (quoting *Olano*, 507 U.S. at 736).

A Guidelines error that satisfies the first three *Olano* factors "ordinarily" also satisfies the fourth and "warrants relief under Rule 52(b)." *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1907 (2018). As the Supreme Court recently explained in *Rosales-Mireles*, plain Guidelines error affecting a defendant's substantial rights "usually establishes a reasonable probability that a defendant will serve a prison sentence that is more than necessary to fulfill the purposes of incarceration." *Id.* (quotation omitted). Allowing such a defendant to be re-sentenced with corrected Guideline calculations reduces the risk of unnecessary jail time and "exhibit[s] regard for fundamental rights and respect for prisoners as people." *Id.* (quotation omitted). In the ordinary case, additional factors favoring error correction are that (1) re-sentencing is "relative[ly] eas[y]," and (2) "Guidelines miscalculations ultimately result from judicial error" rather than a defendant's strategy. *Id.* at 1908.

The government does not argue that Perez-Mateo intentionally relinquished or abandoned his appeal position. Thus, we turn to the second, third, and fourth *Olano* conditions.

3

No. 18-40768

A.

We review the district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Lawrence*, 920 F.3d 331, 334 (5th Cir. 2019). Under Rule 52(b), an error is plain if it is not "subject to reasonable dispute." *Puckett v. United States*, 556 U.S. 129, 135 (2009).

Section 4A1.2 of the Sentencing Guidelines governs whether prior sentences count for criminal history purposes. "Any prior sentence of imprisonment exceeding one year and one month" is counted if it (1) was "imposed within fifteen years of the defendant's commencement of the instant offense," or (2) "result[ed] in the defendant being incarcerated during any part of such fifteen-year period." § 4A1.2(e)(1). In addition, "Any other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted." § 4A1.2(e)(2). A defendant's prior sentence is not counted towards his or her criminal history score if it satisfies neither 4A1.2(e)(1) nor (2). § 4A1.2(e)(3) ("Any prior sentence not within the time periods specified above is not counted.").

The government does not argue that Perez-Mateo's February 2007 conviction resulted in a sentence of imprisonment exceeding one year and one month. In those proceedings, Perez-Mateo pleaded guilty to a misdemeanor offense of aiding and abetting illegal entry, and was sentenced on February 14, 2007 to three years of unsupervised probation. While serving that sentence, in March 2009, Perez-Mateo pleaded true to violating his conditions of probation. His probation was revoked and he was sentenced to 150 days of confinement. Given the probation revocation, the conviction resulted in 150 days of imprisonment. § 4A1.1(k)(1). Therefore, the sentence counts towards Perez-Mateo's criminal history score only if it was "imposed within ten years of the defendant's commencement of the instant offense." § 4A1.2(e)(2). For the

4

sentence to count, Perez-Mateo must have commenced the instant illegal reentry offense by February 14, 2017.

For purposes of § 4A1.2, "the triggering date is that of the defendant's illegal reentry, not the date on which the defendant was found by immigration authorities in the United States." *United States v. Ponce*, 896 F.3d 726, 728 (5th Cir. 2018); *see* § 4A1.2, cmt. (n.8) ("the term '***commencement of the instant offense***' includes any relevant conduct"). According to the PSR, Perez-Mateo was "deported and remained in Guatemala from March 2016 until he was arrested on the instant offense [March 2, 2018]." Later, the PSR clarified that "[f]rom March 3, 2016, until March 2, 2018, . . . while the defendant resided in Guatemala, he was employed as an agricultural laborer." The dates provided in the PSR are internally consistent, confirming that Perez-Mateo re-entered on March 2, 2018, not earlier.

The government counters that this appeal raises a "question[] of fact capable of resolution by the district court," which we have said "can never constitute plain error." *United States v. Illies*, 805 F.3d 607, 609 (5th Cir. 2015) (citing *United States v. Chung*, 261 F.3d 536, 539 (5th Cir. 2001)). But Perez-Mateo is not contending that the district court made "erroneous factual findings" about his date of reentry. *See id.* Rather, Perez-Mateo's appeal relies on the dates recited in the PSR and adopted by the district court, which neither party challenged below.

The government also contends that the district court implicitly found that Perez-Mateo reentered before February 14, 2017. However, we rejected this precise argument in *United States v. Nino-Carreon*, 910 F.3d 194, 197 (5th Cir. 2018). There, on plain error review of a criminal history calculation, we held that where the PSR "explicit[ly]" states the "earliest offense date, including relevant conduct," and "nothing in the PSR points to a[n] [earlier]

date," the government's assertion of a contrary implicit finding is "unavailing." *Id.*

Because the dates in the PSR here unambiguously established March 2, 2018 as Perez-Mateo's reentry date, Perez-Mateo has shown plain error.

B.

Under the substantial rights prong, a defendant must "show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Molina-Martinez*, 136 S. Ct. at 1343 (quotation omitted). "Where . . . the record is silent as to what the district court might have done had it considered the correct Guidelines range, the court's reliance on an incorrect range in most instances will suffice to show an effect on the defendant's substantial rights." *Id.* at 1347.

Here, the record clearly indicates that the district court relied on the incorrect 24-30 month Guidelines range. At sentencing, the district court stated, "So I'll stay here, I won't move up," and again, "I'll leave you here, but I'm going to sentence you at the high end. I'll sentence you to 30 months." The Guidelines range clearly "inform[ed] and instruct[ed] the district court's determination of an appropriate sentence." *Id.* at 1346.

The government argues that the district court would have issued the same sentence regardless of the Guidelines range because the district court at sentencing discussed Perez-Mateo's unscored criminal history and his record of repeated deportations. These statements plausibly indicate that the district court's sentence may have been influenced by factors *in addition to* the 24 to 30 month Guidelines range. But they do not indicate that the district court sentenced Perez-Mateo based solely on "factors independent of the Guidelines." *Id.* at 1348.

The district court referred to the Guidelines range multiple times and, as the government acknowledges, ultimately opted to "remain within the

No. 18-40768

Guidelines range and impose a sentence at the top of that range." Perez-Mateo has therefore shown an effect on his substantial rights.

C.

*Rosales-Mireles* holds that courts should ordinarily correct plain Guidelines errors affecting a defendant's substantial rights. However, some cases may present "countervailing factors" that obviate any need for error correction. 138 S. Ct. at 1909 (quotation omitted). Here, the government argues that Perez-Mateo's criminal history is so extensive that his sentence, even if based on an incorrect Guidelines range, does not offend traditional notions of fairness and justice.

But the Court made clear in *Rosales-Mireles* that while criminal history is a relevant sentencing factor under 18 U.S.C. § 3553(a), criminal history "does not help explain whether . . . plain procedural error . . . seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* n.5; *see also United States v. Urbina-Fuentes*, 900 F.3d 687, 699 (5th Cir. 2018). This case does not present any other identified countervailing factors justifying the denial of relief under Rule 52(b).

II.

For the foregoing reasons, we VACATE Perez-Mateo's sentence and REMAND to the district court for resentencing.

7