# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-11176

United States Court of Appeals
Fifth Circuit

**FILED**
September 4, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

RICKY LOVELY, also known as Lil Rickey,

> Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-539-1

Before KING, HIGGINSON, and DUNCAN, Circuit Judges.

PER CURIAM:*

Ricky Lovely pleaded guilty to one count of possessing stolen firearms and aiding and abetting. The presentence report (PSR) determined Lovely had a total offense level of 21. It assigned him four criminal history points, placing him in Criminal History Category III. As a result, Lovely faced a Sentencing Guidelines range of 46 to 57 months. The district court sentenced Lovely to the bottom of that range—46 months—followed by two years of supervised release.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11176

Lovely timely appealed, arguing for the first time that the district court erred in calculating his total criminal history points.[1]

Because, as Lovely concedes, he failed to object to the asserted error below, we review for plain error. *See United States v. Soza*, 874 F.3d 884, 889 (5th Cir. 2017). "A finding of plain error requires [Lovely] to make four showings: 1. there must have been an error; 2. that was plain; 3. that affected the defendant's substantial rights; and 4. that 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *United States v. Urbina-Fuentes*, 900 F.3d 687, 691–92 (5th Cir. 2018) (quoting *United States v. Olano*, 507 U.S. 725, 731–35 (1993)).

The first two prongs—"error" that was "plain"—are conceded by the government. The PSR assigned Lovely a criminal history point based on a Texas guilty-plea conviction for evading arrest, for which he was sentenced to fifteen days in jail. That was a clear mistake: The Guidelines instruct that certain prior offenses[2] count against a defendant's criminal history only if the sentence was "a term of imprisonment of at least *thirty* days." U.S.S.G. § 4A1.2(c)(1) (emphasis added).

The government instead focuses on prongs three and four. It claims both that the error did not affect Lovely's substantial rights and also that it does not warrant the exercise of this court's discretion to remand. We disagree.

A sentencing error affects a defendant's substantial rights if he shows "'a reasonable probability that, but for the district court's misapplication of the

---

[1] At sentencing, Lovely filed other objections to the calculation of his Guidelines range not relevant to this appeal.

[2] Our court has determined that the Texas offense of "evading arrest" is sufficiently similar to the offense of "resisting arrest" enumerated in § 4A1.2(c)(1) of the Guidelines. *See, e.g., United States v. Alfaro*, 408 F.3d 204, 210 (5th Cir. 2005); *United States v. Rivas-Martinez*, 120 F. App'x 533, 534 (5th Cir. 2004); *United States v. Moore*, 997 F.2d 30, 33–34 & n.2 (5th Cir. 1993).

No. 18-11176

Guidelines, he would have received a lesser sentence.'" *United States v. Islas-Saucedo*, 903 F.3d 512, 520 (5th Cir. 2018) (quoting *United States v. Martinez-Rodriguez*, 821 F.3d 659, 663–64 (5th Cir. 2016)). The Supreme Court has instructed that "[w]hen a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016). That is the case here. Had the district court not incorrectly added a criminal history point for evading arrest, Lovely would have had three points instead of four, placing him in Category II instead of III. As a result, Lovely's Guidelines range would have been 41 to 51 months, instead of 46 to 57 months. *See, e.g., United States v. Perez-Mateo*, 926 F.3d 216, 220 (5th Cir. 2019) (finding defendant's substantial rights were affected where district court relied on incorrect Guidelines range).

Nonetheless, the government claims there is no "reasonable probability" Lovely would have received a lesser sentence under the correct range, pointing to the fact that the district court rejected Lovely's bid for a downward variance. We disagree. In some cases, the court's explanation of the sentence "could make it clear that the judge based the sentence he or she selected on factors independent of the Guidelines." *Molina-Martinez*, 136 S. Ct. at 1347. That is not the case here. In rejecting a downward variance, the district court expressly noted that Lovely's sentence "should be within the advisory guideline range." *See, e.g., Perez-Mateo*, 926 F.3d at 220 (determining defendant's substantial rights were affected where "[t]he Guidelines range clearly 'inform[ed] and instruct[ed] the district court's determination of an appropriate sentence'" (quoting *Molina-Martinez*, 136 S. Ct. at 1346)). We thus conclude

Lovely has shown a reasonable probability that the Guidelines error affected his substantial rights.

Finally, we may exercise "discretion" to correct a plain error "only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Islas-Saucedo*, 903 F.3d at 521. This standard is typically met when failure to correct a plain Guidelines error affects a defendant's substantial rights. *See Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1911 (2018). However, "[t]here may be instances where countervailing factors satisfy the court of appeals that the fairness, integrity, and public reputation of the proceedings will be preserved absent correction." *Id.* at 1909; *see also, e.g.*, *Perez-Mateo*, 926 F.3d at 220 (discussing possibility of "'countervailing factors' that obviate any need for error correction" (quoting *Rosales-Mireles,* 138 S. Ct. 1897, 1909 (2018))). The government contends this case presents one such factor because Lovely "advocated" for a sentence of "no more than 46 months." We disagree. By arguing for "no more than 46 months," Lovely was merely asking the court to sentence him at the bottom of the 46–57 month Guidelines range, which at the time everyone thought was the correct one. The government points to no other countervailing factor that might justify denial of relief under the plain error framework.

We therefore VACATE Lovely's sentence and REMAND for resentencing consistent with this opinion.