# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-40063
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 27, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDUARDO VILLANOVA-ANAYA, also known as Eduardo Torres, also known
as Plebe,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-1222-1

Before BENAVIDES, DENNIS, and OLDHAM, Circuit Judges.

PER CURIAM:*

Eduardo Villanova-Anaya was convicted of one count of possession of a
firearm by an alien, and the district court imposed a within-guidelines
sentence of 120 months in prison and a three-year term of supervised release.
Now, he argues that the district court erred by finding that he was responsible

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

for 19 firearms and imposing a corresponding adjustment under U.S.S.G. § 2K2.1(b)(1)(B).

As Villanova-Anaya concedes, because his challenge to the § 2K2.1(b)(1)(B) adjustment is raised for the first time in this appeal, review is for plain error only.  *See United States v. Lopez-Velasquez*, 526 F.3d 804, 806 (5th Cir. 2008).  To prevail under this standard, he must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes this showing, this court has the discretion to correct the error but will do so only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings."  *Id.* (internal quotation marks, brackets, and citation omitted).

"Questions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error."  *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991); *United States v. Perez-Mateo*, 926 F.3d 216, 219 (5th Cir. 2019).  On the other hand, an error concerning the application of the guidelines to undisputed facts is one of law, not fact, and is amenable to plain error review.  *United States v. Randall*, 924 F.3d 790, 800 n.14 (5th Cir. 2019).  Villanova-Anaya's current claim falls into the former category, as he is challenging the district court's factual finding that his offense involved 19 firearms, rather than its application of the guidelines to this fact. Accordingly, he cannot show plain error.  *See Lopez*, 923 F.2d at 50; *Perez-Mateo,* 926 F.3d at 219.

AFFIRMED.