# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-41012
c/w No. 18-41014
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 23, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ENRIQUE A. ECHEVERRIA-BENITEZ,

Defendant-Appellant

_____

Consolidated with 18-41014

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ENRIQUE ECHEVERRIA-BENITEZ,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 5:18-CR-460-1
USDC No. 5:18-CR-655-1

No. 18-41012
c/w No. 18-41014

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:[*]

In these consolidated cases, Enrique A. Echeverria-Benitez appeals his within-guidelines and within-range sentences for his conviction of illegal reentry after removal and resulting revocation of supervised release. He was sentenced, respectively, to 27 months of imprisonment, to be followed by three years of supervised release, and nine months of imprisonment, running consecutively. Echeverria-Benitez argues that the district court improperly based his revocation sentence on a "retributive" sentencing factor under 18 U.S.C. § 3553(a)(2)(A) when it ordered his sentences to run consecutively. He also argues that his sentences are substantively unreasonable, especially insofar as their consecutive nature effectively punishes him twice for the same conduct.

We review these unpreserved arguments under the plain error standard. *United States v. Whitelaw*, 580 F.3d 256, 259–60 (5th Cir. 2009); *United States v. Peltier*, 505 F.3d 389, 391–92 (5th Cir. 2007). In order to prevail under that standard, Echeverria-Benitez must show that he did not intentionally relinquish or abandon the claim of error, the error was plain, clear, or obvious, and the error affected his substantial rights. *United States v. Perez-Mateo*, 926 F.3d 216, 218 (5th Cir. 2019). "Where those three conditions are met, and the error also seriously affects the fairness, integrity or public reputation of judicial proceedings, then the court of appeals should exercise its discretion to correct the forfeited error." *Id.* (internal quotation marks and citation omitted).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-41012
c/w No. 18-41014

It is error for a district court to calculate a revocation sentence "based on a perceived need for retribution" under § 3553(a)(2)(A). *United States v. Sanchez*, 900 F.3d 678, 683 (5th Cir. 2018); *see also United States v. Miller*, 634 F.3d 841, 844 (5th Cir. 2011). However, Echeverria-Benitez has not cited any governing authority that supports his argument that consecutive sentences for a new law violation and a resulting revocation indicate reliance on such a factor. "[A]n error is not plain if it requires the extension of precedent." *United States v. Vargas-Soto*, 700 F.3d 180, 182 (5th Cir. 2012). Therefore, Echeverria-Benitez has not shown any error that was clear or obvious as to the factors on which the district court based his revocation sentence.

Likewise, Echeverria-Benitez has not shown that his within-guidelines and within-range sentences were plainly unreasonable. "A sentence is substantively unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013) (internal quotation marks and citation omitted). Echeverria-Benitez's sentences fall within the advisory guidelines range and the advisory policy statements range, and thus are presumptively reasonable. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008). "The Sentencing Commission's relevant policy statements recommend that sentences involving revocation of supervised release . . . run consecutively." *United States v. Flores*, 862 F.3d 486, 489 (5th Cir. 2017); *see also* U.S.S.G. § 7B1.3(f) & cmt. n.4. We have previously upheld consecutive sentences for illegal reentry after removal and resulting revocations of supervised release. See *United States v. Hernandez-Archila*, 700 F. App'x 370, 371 (5th Cir. 2017); *United States v. Cantu-Sandoval*, 668 F.

No. 18-41012
c/w No. 18-41014

App'x 638, 639 (5th Cir. 2016). Echeverria-Benitez has not shown that the district court clearly gave improper weight to any factor or clearly erred in its balancing of the sentencing factors.

Therefore, we AFFIRM the judgments of the district court.