# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 7, 2023

Lyle W. Cayce
Clerk

No. 23-30292
Summary Calendar
_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Michael Ansezell Tolliver,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:21-CR-271-1

_____

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Michael Ansezell Tolliver appeals the 120-month sentence imposed for his conviction of money laundering. He contends that the district court committed two reversible guidelines errors, his sentence is substantively unreasonable under 18 U.S.C. § 3553(a), and his sentence constitutes cruel and unusual punishment under the Eighth Amendment.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

In his first guidelines challenge, Tolliver argues that the district court erred in determining the loss applicable under U.S.S.G. § 2B1.1(b)(1). He concedes that the applicable loss in his case was the greater of the actual loss or intended loss. For challenges that have been preserved, the district court's interpretation of the Sentencing Guidelines is reviewed de novo. *United States v. Dowl*, 619 F.3d 494, 502 (5th Cir. 2010). We review the calculation of the loss amount and other factual findings for clear error. *Id.*

The district court's loss determination was supported by factual findings in the presentence report (PSR) about Tolliver's fraudulent applications under the Paycheck Protection Program (PPP) and Economic Injury Disaster Loan Program (EIDL). Tolliver did not provide any evidence rebutting the PSR's findings. Additionally, given the PSR's details about the dates of the applications; the names of the businesses used by Tolliver in the applications; the amounts sought; the amounts funded; and the names of the lenders associated with the applications, the PSR's information about the applications had sufficient indicia of reliability. Accordingly, the district court was permitted to rely on that information without further inquiry. *See United States v. Murray*, 648 F.3d 251, 255 (5th Cir. 2011). Tolliver's intention to divert $7,607,096 from the government for unintended uses qualifies that amount as the intended loss for purposes of § 2B1.1(b)(1). *See Dowl*, 619 F.3d at 502.

Tolliver also contends that the district court misunderstood the parties' stipulation regarding the applicable loss. The stipulation was not binding on the district court, and the record reflects a deliberate decision by the district court to use the definition of loss under § 2B1.1(b)(1) as the appropriate way to calculate the applicable amount. Tolliver's contention that a misunderstanding of the stipulation affected the loss calculation is unavailing.

No. 23-30292

With respect to the second guidelines issue, the parties agree that the district court misapplied U.S.S.G. § 2S1.1(b)(2)(A) by assessing a two-level enhancement when only a one-level enhancement was applicable. Because this error was not raised in the district court, we review it under the plain error standard. *See Murray*, 648 F.3d at 253. To establish an effect on his substantial rights, Tolliver "must show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016) (internal quotation marks and citation omitted).

The district court's comments at sentencing make clear that its sentencing decision was driven by the statutory maximum and that the district court would not have imposed any sentence that was "a day less than the [statutory] maximum sentence" of 120 months of imprisonment. Thus, Tolliver has not shown a reasonable probability that he would have received a lesser sentence if the district court had considered the correct guidelines range of 110 to 120 months of imprisonment. *See United States v. Sanchez-Hernandez*, 931 F.3d 408, 411-12 (5th Cir. 2019); *United States v. Nino-Carreon*, 910 F.3d 194, 197-98 (5th Cir. 2018). Accordingly, the district court's misapplication of § 2S1.1(b)(2)(A) is not reversible plain error.

For both substantive reasonableness and the Eighth Amendment, Tolliver relies on the same arguments: (1) his sentence is disproportionately greater than sentences for similarly situated convictions involving PPP and EIDL fraud; (2) his sentence is greater than necessary to deter him from future criminal conduct and to protect the public, given that the COVID-19 economic relief programs are over, he is 57 years old, and he has a history of heart issues; and (3) a shorter prison term would allow him to return to the workforce more quickly and increase the likelihood of restitution payments.

In evaluating substantive reasonableness, we consider whether the district court "abused [its] discretion in determining that the § 3553(a) factors supported the sentence imposed." *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766 (2020). Tolliver points to four cases in arguing that his sentence is disproportionately high, but he fails to show whether those cases had comparable aggravating or mitigating facts. Thus, he has not shown that any sentencing disparity with those cases was unwarranted. *See* § 3553(a)(6); *United States v. Willingham*, 497 F.3d 541, 544-45 (5th Cir. 2007).

Moreover, the district court was aware of his arguments for a lesser sentence but determined that the statutory maximum of 120 months of imprisonment was appropriate. In doing so, the district court specifically noted Tolliver's extensive criminal history, a factor that the district court was permitted to consider. *See United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006). "The sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case." *Gall v. United States*, 552 U.S. 38, 51 (2007). We give due deference to the district court's sentencing decision and decline to reweigh the applicable sentencing factors. *See id.* Tolliver's sentence is not substantively unreasonable.

Lastly, we review Tolliver's Eighth Amendment claim for plain error because he did not raise such a claim in the district court. *See United States v. Ayelotan*, 917 F.3d 394, 406 (5th Cir. 2019). He has not shown that his sentence is grossly disproportionate to the severity of his offense. *See United States v. Neba*, 901 F.3d 260, 264-65 (5th Cir. 2018).

AFFIRMED.