# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 26, 2025

Lyle W. Cayce
Clerk

No. 23-10713
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Curtis Dwayne Medrano,

*Defendant—Appellant*.

———————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CR-42-1

———————————

Before Richman, Douglas, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Curtis Dwayne Medrano appeals his 120-month above-guidelines sentence imposed following his conviction for possession of a firearm by a convicted felon. Medrano argues that 18 U.S.C. § 922(g)(1) is unconstitutional, facially and as applied, in light of the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

(2022). Medrano also argues that the district court plainly erred in calculating his criminal history score by including one criminal history point for his prior evading arrest conviction, for which he was sentenced to three days of imprisonment, because the conviction should have been excluded from his criminal history calculation pursuant to U.S.S.G. § 4A1.2(c)(1).

We recently upheld the constitutionality of § 922(g)(1) both facially and in similar as-applied circumstances. *See United States v. Diaz*, 116 F.4th 458, 471-72 (5th Cir. 2024), *petition for cert. filed*, No. 24-6625 (U.S. Feb. 18, 2025). Because the court's decision in *Diaz* was at least one "set of circumstances . . . under which the statute would be valid," *Diaz* forecloses Medrano's challenge to the facial constitutionality of § 922(g)(1). *See id.* (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)). Furthermore, because Medrano has a prior felony conviction for vehicle theft, and because the court in *Diaz* concluded § 922(g)(1) was constitutional as applied to defendants with underlying felony convictions involving theft, *Diaz* also forecloses Medrano's as-applied challenge to the constitutionality of § 922(g)(1).

Medrano did not raise his challenge to the calculation of his criminal history category in the district court, so we review only for plain error. *See United States v. Soza*, 874 F.3d 884, 889 (5th Cir. 2017). Accordingly, Medrano must demonstrate a clear or obvious error that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Certain misdemeanor offenses and "offenses similar to them, by whatever name they are known," including "[r]esisting arrest," are excluded from the calculation of a defendant's criminal history category unless the sentence imposed "was a term of probation of more than one year or a term of imprisonment of at least thirty days" or unless "the prior offense was similar to an instant offense." U.S.S.G. § 4A1.2(c)(1). The word "offense"

as used in § 4A1.2(c)(1) includes any relevant conduct. *See United States v. Moore*, 997 F.2d 30, 34-35 (5th Cir. 1993).

We have previously ruled that an offense for "evading arrest" is similar to the offense of "resisting arrest" as enumerated in § 4A1.2(c)(1). *See Moore*, 997 F.2d at 34-35. Because the sentence for Medrano's prior evading arrest conviction was not a term of imprisonment of at least thirty days or a term of probation of more than one year, and because the offense of evading arrest is not similar to the instant offense of possession of a firearm by a felon, either facially or in the factual background of Medrano's offenses, the district court committed a clear or obvious error in assessing one criminal history point to Medrano for this offense. *See* U.S.S.G. § 4A1.2(c)(1).

However, whether this error is clear or obvious is non-determinative because Medrano has not shown that the error affected his substantial rights. *See Puckett*, 556 U.S. at 135. The district court found that the guidelines range did not adequately reflect the seriousness of Medrano's conduct and stated that it would have imposed the same above-guidelines sentence even if it erred in its guidelines calculations. Accordingly, Medrano has not shown that the error affected his substantial rights by demonstrating a reasonable probability that but for the error he would have received a lower sentence. *See United States v. Zarco-Beiza*, 24 F.4th 477, 483 (5th Cir. 2022); *see also, e.g.*, *United States v. Nino-Carreon*, 910 F.3d 194, 197-98 (5th Cir. 2018).

The judgment of the district court is AFFIRMED.