# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 5, 2025

Lyle W. Cayce
Clerk

_____

No. 24-30669

_____

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MARTINO ANTWION HILL,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:22-CR-279-1

_____

Before STEWART, CLEMENT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Defendant-Appellant Martino Antwion Hill pleaded guilty to possession with intent to distribute cocaine base and possession of a firearm after a felony conviction. He appeals his sentence based on the district court's error in applying the career-offender enhancement. Because Hill's prior conviction should not have qualified as a controlled substance offense for purposes of sentencing, he is correct that the district court erred in

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

calculating his Sentencing Guidelines range. But Hill cannot demonstrate that the error affected his substantial rights because the district court explained that his sentence was based on factors independent of the Guidelines range. For that reason, we AFFIRM.

## I.

In February 2022, law enforcement officers in Bienville Parish, Louisiana, were aware of warrants out for Hill when they observed him standing near his vehicle. The officers approached Hill, who began to walk away and refused to follow the officers' commands. After a brief struggle, the officers arrested Hill and searched his person and his vehicle, finding a large amount of cash, roughly 11 grams of crack cocaine, and a firearm. Count Two of the government's indictment charged Hill with possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). Count Three charged Hill with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Hill later pleaded guilty to Counts Two and Three.

In October 2024, the U.S. Probation Office issued its Presentence Investigation Report (PSR) on Hill.[1] The PSR applied the career-offender enhancement under U.S.S.G. § 4B1.1(a) based on Hill's record containing two prior convictions under Louisiana law. Hill was convicted of possession with intent to distribute cocaine in 2007 and possession with intent to distribute marijuana in 2014. Once the career-offender enhancement was applied, Hill's offense level for Counts Two and Three was 29, and his Guidelines range of imprisonment was 151 to 188 months on Count Two and 151 to 180 months on Count Three.

---

[1] Prior to October, the Probation Office had issued and amended two PSRs in this case, but the amendments do not concern the issue on appeal.

No. 24-30669

At the sentencing hearing, Hill's counsel did not object to the PSR's career-offender enhancement or the Guidelines calculation, instead conceding that "Mr. Hill's correctly calculated guideline range is 151 to 180 months because he's a career offender." The district court then sentenced Hill to 156 months of imprisonment as to Counts Two and Three to run concurrently. The judge explained:

> I've considered all the factors of [18 U.S.C. §] 3553, particularly [Hill's] criminal history and involvement in the instant offense. And I've thought about this a lot, why 156 as opposed to 151. Well, I felt that the bottom of the guidelines did not adequately address 3553 characteristics, and yet it's a long time in jail. It's as good as I can do.

> In the event the guideline determination in this case is found to be incorrect, that's what I would impose on this case based solely on 3553.

Hill filed a timely appeal.

## II.

We review the application of the career-offender enhancement for plain error because, as Hill acknowledges, he failed to object at sentencing. *See United States v. King*, 979 F.3d 1075, 1081 (5th Cir. 2020). To establish plain error, Hill must show that: "(1) there was an error; (2) the error was clear or obvious; (3) the error affected his . . . substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings such that we should exercise our discretion to reverse." *United States v. Oti*, 872 F.3d 678, 690 (5th Cir. 2017).

## III.

The career-offender enhancement applies when the defendant "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Under the applicable

3

categorical approach, a "prior conviction cannot serve as a predicate offense under the Career Offender Guideline provision if the crime of conviction criminalizes a greater swath of conduct than the elements of the relevant Guidelines offense." *United States v. Minor*, 121 F.4th 1085, 1089 (5th Cir. 2024) (quotations omitted). Hill's marijuana conviction under Louisiana law encompassed a greater swath of conduct because it criminalized possession of hemp, whereas federal law at the time of Hill's sentencing removed hemp from the Controlled Substances Act's definition of marijuana.[2] *Id.*

The parties do not dispute that the district court plainly erred in applying the career-offender enhancement based on Hill's marijuana conviction. Thus, the focus of this appeal is the third prong of plain error review: whether the error affected Hill's substantial rights. To show an effect on substantial rights, Hill must demonstrate "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016) (quotations omitted).

"When a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Id.* at 198. But "[t]here may be instances when, despite application of an erroneous Guidelines range, a reasonable probability of prejudice does not exist." *Id.* at 200. "The record in a case may show, for example, that the district court thought the sentence it chose was appropriate irrespective of the Guidelines

---

[2] And even though the district court sentenced Hill before this court's decision in *Minor*, "whether a legal question was settled or unsettled at the time of [consideration], it is enough that an error be plain at the time of appellate consideration." *Henderson v. United States*, 568 U.S. 266, 279 (2013) (quotations omitted).

range," or that "the judge based the sentence . . . on factors independent of the Guidelines." *Id.*

The record reflects that the district court based its sentencing decision not on the Guidelines but rather on the factors in 18 U.S.C. § 3553. After noting, "I simply can't ignore the [criminal] record," the district court judge sentenced Hill and explained, "I've considered all the factors of 3553, particularly your criminal history and involvement in the instant offense." The judge added, "In the event the guideline determination in this case is found to be incorrect, that's what I would impose on this case based solely on 3553." According to the PSR, Hill's criminal history included drug dealing, first-degree robbery, illegal firearm possession, and misdemeanor theft. Consistent with the district court's rationale at the sentencing hearing, the written reasons for Hill's sentence provided, "The sentence of 156 months is within the guideline range and was selected after considering the factors contained in 18 U.S.C. [§] 3553(a), pertaining to the defendant's criminal history, personal characteristics, involvement in the instant offense, and for reasons otherwise orally stated."

These statements demonstrate that the factors contained in § 3553, particularly "the history and characteristics of the defendant," drove the district court's sentencing decision, not the Guidelines. Thus, the record reflects that "the district court thought the sentence it chose was appropriate irrespective of the Guidelines range." *Molina-Martinez*, 578 U.S. at 200; *see also United States v. Hott*, 866 F.3d 618, 621 (5th Cir. 2017) (finding that defendant could not show plain error when the district court judge cited the defendant's criminal history, offense conduct, § 3553 factors, and stated that even if the Guidelines calculation were wrong, the sentence would stay the same); *United States v. Nino-Carreon*, 910 F.3d 194, 197 (5th Cir. 2018) (holding that incorrect Guidelines range did not affect defendant's substantial rights where the district court cited sentencing factors and

criminal history in justification for the sentence imposed); *United States v. Garcia Miguel*, 829 F. App'x 36, 39–40 (5th Cir. 2020) (per curiam) (finding no plain error where "[i]t was [the defendant's] criminal history, combined with his continued illegal reentry into the country, that motivated the sentence, not the PSR's recommendation"); *United States v. Forbito*, No. 22-11026, 2023 WL 8274528, at *4–5 (5th Cir. Nov. 30, 2023) (per curiam) (finding no plain error where district court justified its sentencing decision based on "the facts and circumstances of the case" and stated that the sentence would not change if the Guidelines range was wrong); *United States v. May*, No. 21-10308, 2022 WL 152506, at *1 (5th Cir. Jan. 14, 2022) (per curiam) (affirming sentence despite incorrect Guidelines range where district court gave a detailed explanation of how the § 3553(a) factors led to its sentence and stated it would have imposed the same sentence even if the range was incorrect).

Hill argues that the district court's reference to "156 [months] as opposed to 151 [months]" and its remark that "the bottom of the guidelines did not adequately address 3553 characteristics" demonstrate that the court relied on the incorrect Guidelines range for its sentence. But we have explained that "referring to a sentencing range is not the same thing as relying on the range." *Garcia Miguel*, 829 F. App'x at 39. In *United States v. Nino-Carreon*, the district judge stated that "the defendant should receive a sentence of imprisonment significantly above the top of the advisory guideline range." 910 F.3d at 197 (quotations omitted). Although the range in question was erroneously high, the record made clear that the defendant's criminal history motivated the judge's sentencing decision, not the Guidelines range. *Id.* at 197–98. Thus, where the true sentencing rationale was clear and independent of the Guidelines, the district court's passing reference to the incorrect range was not enough to show that the court relied

on the Guidelines or that the defendant's sentence would have been different had the court used the correct range. *Id.*

Hill is correct that the district court referenced the incorrect Guidelines range, but like in *Nino-Carreon*, that reference alone is not enough to show an effect on his substantial rights because the record reflects a basis for the court's sentencing decision that is independent of the Guidelines. *Id.* The district court stated, "In the event the guideline determination in this case is found to be incorrect, that's what I would impose on this case *based solely on 3553.*" And the written reasons explain that Hill's sentence "was selected after considering the factors contained in 18 U.S.C. [§] 3553(a), pertaining to the defendant's criminal history, personal characteristics, involvement in the instant offense, and for the reasons otherwise orally stated." "We take the district court at its clear and plain word." *United States v. Castro-Alfonso*, 841 F.3d 292, 298 (5th Cir. 2016). Accordingly, Hill cannot demonstrate a reasonable probability that his sentence would have been different. *See Molina-Martinez*, 578 U.S. at 194.

Lastly, Hill acknowledges that his unpreserved challenge to the constitutionality of 18 U.S.C. § 922(g)(1) is foreclosed by *United States v. Diaz*, 116 F.4th 458 (5th Cir. 2024).

For these reasons, we AFFIRM.