# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50826

United States Court of Appeals
Fifth Circuit

**FILED**
November 22, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RODNEY ANDREW JOHNSON,

Defendant - Appellant

Appeals from the United States District Court
for the Western District of Texas

Before SOUTHWICK, GRAVES, and ENGELHARDT, Circuit Judges.

KURT D. ENGELHARDT, Circuit Judge:

Rodney Andrew Johnson pleaded guilty, pursuant to a plea agreement, to conspiracy to possess with intent to distribute fentanyl, methamphetamine, and cocaine, and possession of a firearm and ammunition by a felon. The district court imposed an upward variance from the Guidelines range and sentenced Johnson to concurrent terms of 100 months of imprisonment and three years of supervised release. Johnson appeals the procedural reasonableness of his above-Guidelines sentence, contending that the district court miscalculated his criminal history score and relied on erroneous facts related to his criminal history. We AFFIRM.

No. 18-50826

## I.

By indictment filed on March 21, 2017, Johnson was charged with conspiracy to possess with intent to distribute a substance of fentanyl, methamphetamine, and cocaine, in violation of 21 U.S.C. § 841 & 846 (count one); possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c) (count two); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (count four).[1]  Johnson pleaded guilty, pursuant to a plea agreement, to counts one (conspiracy) and four (felon in possession).

As calculated in the revised presentence report (PSR), Johnson's total offense level was 25, which, when combined with a criminal history category of IV, yielded a Guidelines range of 84 to 105 months of imprisonment.  However, at sentencing, the district court sustained Johnson's objection to the PSR's drug-quantity calculation and determined that the correct total offense level was 19, resulting in a Guidelines range of 46 to 57 months of imprisonment.  Although the district court sustained Johnson's objection, the court noted that the drug-quantity calculation was "immaterial to the sentence [it] anticipate[d]."  The court then informed Johnson that it would impose an upward variance:

> I'm clearly thinking of a sentence of 18, United States Code, 3553(a) in this case for that which I've already stated. This gentleman has been in the drug business for a long time. Every time he's caught – all three times he's been caught, he has the guns.  And he hasn't improved.

Reviewing Johnson's criminal history, the court referred to Johnson's 2005 cocaine-and-weapon arrest.  The court continued, "In 2006, when you had dope

---

[1] Count three of the indictment charges Johnson's co-defendant, John Hubert Townsend, with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

2

No. 18-50826

and you were carrying a weapon, you – and there was an obliterated serial number, but for the instance of this particular case I don't think that's consequential.  So that's what I'm worried about."

The district court varied upward from the Guidelines range and sentenced Johnson to concurrent terms of 100 months of imprisonment and three years of supervised release.  In explaining its reasons for the sentence imposed, the court noted the seriousness of Johnson's offense, his extensive criminal history, and his lack of respect for the law.  The court also noted the "need to give a sentence that deters the criminal conduct of the defendant and to protect the public."  Johnson objected to the sentence, arguing that "a guideline sentence is appropriate and a greater than guideline sentence is unreasonable."  The court overruled the objection.  Johnson timely filed a notice of appeal.

On appeal, Johnson challenges the procedural reasonableness of his above-Guidelines sentence.  First, Johnson contends that the district court plainly erred in assessing two criminal history points for his 2005 Texas conviction for unlawfully carrying a weapon because it resulted in less than one year and one month of imprisonment and occurred more than 10 years prior to the instant offense.  Second, he asserts the district court plainly erred by imposing an above-Guidelines sentence based on erroneous facts related to his criminal history.

## II.

A district court commits a significant procedural error at sentencing if, as relevant here, it improperly calculates the Guidelines range or "select[s] a sentence based on clearly erroneous facts." *Gall v. United States*, 552 U.S. 38, 51 (2007).  As Johnson concedes, because he did not object to procedural errors he now raises on appeal, our review is for plain error.  *See United States v.*

No. 18-50826

*Lopez-Velasquez*, 526 F.3d 804, 806 (5th Cir. 2008) ("When a defendant fails to raise a procedural objection below, appellate review is for plain error only.").

To prevail on plain error review, Johnson must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, our court has the discretion to correct the error but should do so only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, brackets, and citation omitted).

**III.**

*A. Criminal History Points*

"Section 4A1.2(e) governs whether prior convictions count for criminal history purposes." *United States v. Arviso-Mata*, 442 F.3d 382, 385 (5th Cir. 2006); *see* U.S.S.G. § 4A1.2(e). A prior sentence is not counted unless (1) it was a "sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense," or (2) it was any other sentence "that was imposed within ten years of the defendant's commencement of the instant offense." § 4A1.2(e)(1)–(3). "The term 'sentence of imprisonment' means a sentence of incarceration and refers to the maximum sentence imposed." § 4A1.2(b)(1).

Johnson was sentenced to 90 days of imprisonment for his Texas unlawfully carrying a weapon conviction. In addition, Johnson's sentence was imposed in September 2005, more than 10 years prior to the commencement of the instant offense in April 2016. Accordingly, the district court's assessment of two criminal history points for Johnson's weapon conviction was clear or obvious error, and Johnson has satisfied the first two prongs of the plain error standard. *See* § 4A1.2(e)(1)–(3); *Puckett*, 556 U.S. at 135.

4

No. 18-50826

To satisfy the third prong of the plain error standard, a defendant must show a reasonable probability that, but for the error, he would have received a lesser sentence. *See United States v. Mudekunye*, 646 F.3d 281, 289 (5th Cir. 2011). There is no requirement that he make a showing beyond the fact that the erroneous, and higher, Guidelines range "set the wrong framework for the sentencing proceedings." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016). The district court's reliance on an incorrect Guidelines range "itself can, and most often will," establish a "reasonable probability of a different outcome absent the error." *Id.* at 1345. However, if the record supports that the district court believed the sentence imposed was proper regardless of the correct Guidelines range or that the sentence was based "on factors independent of the Guidelines," a defendant may not be able to show an effect on his substantial rights even if an incorrect Guidelines range was used. *Id.* at 1347.

If the district court had not assessed two criminal history points for the 2005 weapon conviction, Johnson's criminal history category would have been III, and his Guidelines range would have been 37 to 46 months of imprisonment instead of 46 to 57 months of imprisonment. U.S.S.G, Ch. 5, Pt. A. Johnson contends his substantial rights were affected because the district court used the incorrect Guidelines range as a starting point for the 100-month sentence. However, the record reflects that the district court, after considering the 18 U.S.C. § 3553(a) factors, determined an upward variance was appropriate. The district court, at the sentencing hearing and in its statement of reasons, emphasized the serious nature of Johnson's offense, noting that it involved drugs, including fentanyl, and guns. The district court also expressed concern with Johnson's "[e]xtensive criminal history" and emphasized Johnson's lack of respect for the law, noting that he had engaged in "the same criminal conduct as before." Finally, the district court noted the "need to give

a sentence that deters the criminal conduct of the defendant and to protect the public." Contrary to Johnson's argument that the incorrect Guidelines range was used as a starting point for the 100-month sentence, the district court, in stating that the drug-quantity calculation was "immaterial to the sentence [it] anticipate[d]," indicated that the Guidelines range, too, was immaterial to the sentence imposed.[2] Accordingly, although the district court erred in its assessment of Johnson's criminal history category, Johnson has failed to show a reasonable probability that, but for the error, he would have received a lesser sentence. That being said, because the district court relied on facts independent of the Guidelines in determining that an upward variance was warranted, if those relied-upon facts were erroneous, Johnson's substantial rights could have been affected. *See Molina-Martinez*, 136 S. Ct. at 1345–47; *Puckett*, 556 U.S. at 135. We now turn to that issue.

*B. Erroneous Facts*

Johnson also asserts the district court plainly erred by imposing an above-Guidelines sentence based on erroneous facts related to his criminal history. He maintains that the district court mistakenly believed he had been in the drug business a long time and had been caught three times with drugs and guns. The basis for this assertion is limited to one misstatement by the court regarding Johnson's 2006 arrest. At the sentencing hearing, the court stated, "In 2006, when you had dope and you were carrying a weapon, you – and there was an obliterated serial number, but for the instance of this

---

[2] Although the 100-month sentence was within the guidelines range (84 to 105 months) in the PSR before the district court sustained Johnson's objection to the PSR's drug quantity calculation, the district court provided "a detailed explanation of the reasons the selected sentence [was] appropriate" and "[made] it clear that [it] based the sentence . . . on factors independent of the Guidelines," *see Molina-Martinez*, 136 S. Ct. at 1346–47.

particular case I don't think that's consequential."[3]   However, the record reflects that in 2006, Johnson was arrested for unlawfully carrying a gun in a weapon-free school zone with no apparent drug involvement.

Aside from this misstatement, there is no clear or obvious evidence from the record to suggest that the court erroneously believed Johnson's three convictions were all drug-related.  Rather, the court stated, "You have three convictions, guns and dope.  This is another one.  Guns and dope.  You've got a gun everywhere you had the dope that you were selling . . . ."  Johnson contends these statements further confirm his assertion that the court believed his three convictions were all drug-related.  Yet, a more precise reading of the court's statements indicates that the court noted there was always gun involvement, but not necessarily always drug involvement: "Every time he's caught – all three times he's been caught, he has the guns."

Furthermore, at the beginning of the sentencing hearing, the district court actually correctly describes Johnson's 2006 arrest: "You have a criminal record that started in 2005, possession of cocaine, and then unlawful carrying of a weapon.  Actually it was two weapons.  *In '06, conviction of unlawful carrying of another weapon with an obliterated serial number.*" (emphasis added).  Here, the district court made no mention of drug involvement in Johnson's 2006 arrest.  Instead, the court accurately states that it was only a gun arrest.  This statement further confirms that the court did not mistakenly believe all three of Johnson's arrests were for guns *and* drugs.  Additionally, the court relied on and adopted the PSR, which correctly reflects that Johnson's 2006 conviction was only gun-related.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 365 (5th Cir. 2009) (noting that "to show substantial

---

[3] Notably, neither Johnson nor his counsel objected to or corrected this statement at the hearing.

prejudice, the defendant must prove that the error affected the sentencing outcome").

Thus, although the district court erroneously stated that Johnson "had dope" in describing the 2006 arrest, there is no additional, obvious evidence indicating that the court mistakenly believed Johnson had three drug convictions or that the court's decision to impose an upward variance was affected by such a belief. Accordingly, the district court's single misstatement, when considered in the context of the record as a whole, did not affect Johnson's substantial rights. *See United States v. Hernandez-Dominguez*, 729 Fed. App'x 328, 329 (5th Cir. 2018) (unpublished) (explaining that the district court's single erroneous statement, to which there was no objection, "could not have been so compelling such that it resulted in a procedurally unreasonable sentence under plain error review"). Therefore, Johnson has failed to satisfy the third prong of the plain error test, and we affirm his sentence.

AFFIRMED.