## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 18-41134

—————

United States Court of Appeals
Fifth Circuit

**FILED**

April 16, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

ROLANDO HINOJOSA,

Defendant–Appellant.

—————

Appeal from the United States District Court
for the Southern District of Texas

—————

Before SMITH, GRAVES, and HO, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Rolando Hinojosa was convicted of money laundering and two major drug offenses involving multiple kilograms of heroin and cocaine. The district court sentenced him to, among other things, a term of supervised release ("SR"). But the release comes with a string attached: As a special condition, Hinojosa must submit to substance-abuse testing, and he cannot tamper with the testing methods. Hinojosa informs us that there was no good reason to

No. 18-41134

require testing—and that the anti-tampering rule must be eliminated. We disagree and affirm.

I.

The court sentenced Hinojosa to a lengthy term in prison, followed by SR. At sentencing, the court imposed the "[s]tandard terms and conditions of [SR], *along with substance abuse testing*" (emphasis added). Hinojosa did not object. The written judgment stated the condition as follows:

> You must submit to substance-abuse testing to determine if you have used a prohibited substance, and you must pay the costs of the testing if financially able. You may not attempt to obstruct or tamper with the testing methods.

A.

Hinojosa contends that the oral pronouncement and written judgment conflict, because the former said nothing about tampering. At sentencing, Hinojosa necessarily lacked an opportunity to object on that basis. Accordingly, we review for abuse of discretion. *See United States v. Warden*, 291 F.3d 363, 365 n.1 (5th Cir. 2002).

If the oral pronouncement and written judgment conflict, the former controls. *United States v. De La Pena-Juarez*, 214 F.3d 594, 601 (5th Cir. 2000). But not all differences are conflicts. "The key determination is whether the discrepancy . . . is a *conflict* or merely an *ambiguity* that can be resolved by reviewing the rest of the record." *United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006) (emphases added). If the written judgment *broadens* the orally pronounced requirements, a conflict exists. *Id.*

There is no conflict. The district court mentioned the requirement of testing at sentencing—it just failed to note that Hinojosa couldn't tamper with the testing apparatus. Prohibiting Hinojosa from tampering cannot somehow "conflict" with a requirement that he be tested. That prohibition is a logical

No. 18-41134

piece of *any* substance-abuse test. "The written judgment simply clarified the meaning of [the condition] by specifying what the [testing] was to entail." *United States v. Truscello*, 168 F.3d 61, 63 (2d Cir. 1999).

Our caselaw lines up in support. In *Warden*, 291 F.3d at 364, for example, the court orally imposed a condition that the defendant participate in treatment and counseling but did not state who would pay for it. Yet the written judgment placed the cost on the defendant. *Id.* We affirmed, finding only an ambiguity. *Id.* at 365. "[T]he requirement that [the defendant] bear the costs of the ordered treatments [was] clearly consistent with the district court's intent that he attend drug treatment, sex offender, and anger management counseling[.]"[1] The same holds here: The ban on tampering is "clearly consistent" with the testing requirement.

Hinojosa suggests it's problematic that the condition was "not written exactly the same way" as the condition articulated in U.S. SENTENCING GUIDELINES MANUAL ("U.S.S.G.") § 5D1.3(d)(4).[2] But he does not cite any authority that requires regurgitation, because there is none. Indeed, that subsection of the Guidelines is a policy statement, so the condition needed only to be "consistent with" it—not its carbon copy. 18 U.S.C. § 3583(d)(3).

---

[1] *Warden*, 291 F.3d at 365; *see also Mireles*, 471 F.3d at 558–59 (affirming, even though the written judgment differed in requiring the defendant to allow his vehicle to be searched regardless of whether he was its driver and of whether it was being driven on a highway); *United States v. Vasquez-Puente*, 922 F.3d 700, 705 (5th Cir. 2019) (affirming written judgment's imposition of a special condition, unmentioned at sentencing, that the defendant surrender to immigration authorities until proceedings were finished, because it effected the court's intent that the defendant "be deported after serving his prison term").

[2] That provision states, *inter alia*, that "[i]f the court has reason to believe that the defendant is an abuser of narcotics" or "other controlled substances," it may impose "a condition requiring the defendant to participate in  a program approved by the United States Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol." U.S.S.G. § 5D1.3(d)(4).

No. 18-41134

B.

Hinojosa also urges that it is unreasonable that he should have to submit to substance-abuse testing. He points out that his marihuana use is decades old, and he downplays the finding of the presentence investigation report that he used cocaine about two years before his arrest.

We review only for plain error. The court orally imposed the testing condition, which gave Hinojosa every opportunity to object to its propriety. He didn't take the bait.[3] "Naturally, the first prong of plain-error analysis is the requirement of an error." *United States v. Sanders*, 952 F.3d 263, 282 (5th Cir. 2020). There is none.

"A district court has wide discretion in imposing terms and conditions of SR."[4] But three requirements must be met to impose a special condition. *See* 18 U.S.C. § 3583(d)(1)–(3).

> First, the condition must be reasonably related to one of four factors in § 3553(a): (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the adequate deterrence of criminal conduct; (3) the protection of the public from further crimes of the defendant; and (4) the provision of needed educational or vocational training, medical care, or other correctional treatment. Second, the condition cannot impose any greater deprivation of liberty than is reasonably necessary to advance deterrence, protect the public from the defendant, and advance the defendant's correctional needs. Third, the condition must be consistent with any pertinent policy statements issued by

---

[3] *See United States v. Weatherton*, 567 F.3d 149, 152 (5th Cir. 2009) ("[B]ecause [the defendant] did not object to the imposition of the special conditions in the district court, we review for plain error only."). Hinojosa disagrees that plain error applies, noting that the district court asked him whether he had objections to other aspects of his sentence "but decidedly not the special condition" (emphasis removed). But, in a familiar theme, he fails to cite any authority requiring the court to inquire. There is none. Hinojosa has the burden to object. *See, e.g.*, *United States v. Johnson*, 943 F.3d 735, 737 (5th Cir. 2019). The court does not have to *ask* whether he objects.

[4] *United States v. Hathorn*, 920 F.3d 982, 984 (5th Cir.) (brackets removed), *cert. denied*, 140 S. Ct. 250 (2019).

No. 18-41134

the Sentencing Commission.

*Hathorn*, 920 F.3d at 984 (cleaned up); *see* 18 U.S.C. § 3583(d)(1)–(3).  District courts should make factual findings as to special conditions, but even absent them, we affirm if the rationale "can be inferred after an examination of the record."[5]

Here the court's reasons are easily intuited.  "The court can require participation in a substance abuse program if it has reason to believe that the defendant abuses controlled substances."  *United States v. Cothran*, 302 F.3d 279, 290 (5th Cir. 2002) (citing U.S.S.G. § 5D1.3(d)(4)).  The court had "reason to believe" that Hinojosa does so—and it imposed a *less* onerous requirement of *testing*, not a treatment program as in *Cothran*.  Indeed, just two years before his arrest, Hinojosa used cocaine; he'd used marihuana earlier in life; and he was being sentenced for offenses that involved large quantities of drugs.  We affirmed on similar facts in *United States v. Torres-Pindan*, 400 F. App'x 839, 841 (5th Cir. 2010) (per curiam).

The testing condition is therefore related to, among other things, "the nature and circumstances of [Hinojosa's] offense," his personal "history and characteristics," and "the need . . . to afford adequate deterrence."  18 U.S.C. § 3553(a).  There is no indication that the condition deprives Hinojosa of his liberty more than necessary, and, for reasons already described, the condition is consistent with the relevant policy statements.  *See id*. § 3583(d)(1)–(3).  Accordingly, "[t]here is no error, plain or otherwise."[6]

AFFIRMED.

---

[5] *United States v. Caravayo*, 809 F.3d 269, 275 (5th Cir. 2015) (per curiam); *see also, e.g., United States v. Bree*, 927 F.3d 856, 860 (5th Cir. 2019) ("[W]e may independently review the record for evidence that could justify a special condition.").

[6] *United States v. Kearby*, 943 F.3d 969, 975 (5th Cir. 2019), *cert. denied*, No. 19-7735, 2020 WL 1496732 (U.S. Mar. 30, 2020).