# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 6, 2020

Lyle W. Cayce
Clerk

No. 19-20557

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RUBEN GARCIA MIGUEL,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CR-242-1

Before JOLLY, SOUTHWICK, and WILSON, *Circuit Judges*.

PER CURIAM:*

After a guilty plea, Ruben Garcia Miguel was sentenced to 36 months in federal prison for illegal reentry after being removed following a felony conviction. The district court also orally announced terms of supervised release at the sentencing hearing. On appeal, Garcia Miguel complains that the district court's consideration of a misdemeanor conviction at sentencing

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

was plain error and that there was a conflict between the oral pronouncement and written judgment concerning supervised release. We AFFIRM.

## FACTUAL AND PROCEDURAL BACKGROUND

Ruben Garcia Miguel is a citizen of Mexico. He has been deported on three previous occasions and has voluntarily returned to Mexico three additional times. Three years after his most recent removal, Texas immigration authorities discovered that Garcia Miguel had unlawfully returned to the United States. A grand jury in the Southern District of Texas indicted him for his illegal presence in the United States in violation of 8 U.S.C. § 1326. Garcia Miguel pled guilty without a plea agreement.

As a result of this plea, the United States Probation Office prepared a presentence investigation report ("PSR") to assist in the district court's sentencing of Garcia Miguel. The PSR computes two numbers: the total offense level and the total criminal-history points. The probation officer uses both to calculate the applicable advisory sentencing range.

The 2018 Sentencing Guidelines were used in calculating a sentencing range in this case. The only dispute is whether one of Garcia Miguel's prior convictions should have been included. He had nine prior adult convictions, and three of them were found to be relevant in determining his criminal-history points. The contested conviction was from 2013 for failure to stop and to give information in violation of Texas traffic law. Its inclusion is what caused Garcia Miguel's criminal-history points to reach category IV. The result was a recommended sentencing range of 24 to 30 months.

The district court orally adopted the PSR and all addenda without objection from either party. Defense counsel argued that 12 months and a day would be an adequate sentence. The Government countered that the

No. 19-20557

PSR "somewhat underrepresented" Garcia Miguel's criminal history and sought a sentence of at least 24 months with three years of supervised release. The Government detailed for the court that in addition to what the PSR used for its calculation, Garcia Miguel "had the assault of a family member, resisting arrest, the possession of cocaine, [and] five driving while intoxicated offenses." Further, the Government reminded the district court that Garcia Miguel had "six prior illegal reentries, three that were voluntary returns."

The district court "fe[lt] an upward variance [was] appropriate" and sentenced Garcia Miguel to 36 months imprisonment with three years of supervised release. The district court also expanded on the conditions of supervised release, orally pronouncing that "[w]hen he's deported, he's to remain outside the United States unless legally authorized to reenter," among other conditions. The written judgment included a specific work-authorization provision, which requires Garcia Miguel to "seek proper documentation from U.S. Immigration and Customs Enforcement authorizing [him] to work in the United States." Garcia Miguel argues that the work-authorization requirement conflicts with the oral pronouncement.

## DISCUSSION

Garcia Miguel first argues that the district court committed plain error when it considered an improperly calculated Guidelines range that attributed one point to his failure-to-stop conviction. Second, he contends that the district court erred when it did not state the work-authorization requirement during sentencing but included it in the written judgment.

We will discuss the arguments in that order.

## I.     *Criminal-history points*

The PSR included a 2013 conviction for failure to stop and give information in calculating Garcia Miguel's criminal-history points. Garcia Miguel did not object to this inclusion during his sentencing hearing. We therefore review for whether any plain error occurred.

"A plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Fed. R. Crim. P. 52(b). A four-part showing is required to satisfy this review. "The defendant must show (1) that the district court committed an error (2) that is plain and (3) affects his substantial rights and (4) that failure to correct the error would 'seriously affect the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Sanchez-Hernandez*, 931 F.3d 408, 410 (5th Cir. 2019) (quoting *Johnson v. United States*, 520 U.S. 461, 466–67 (1997)).

Garcia Miguel contends that his misdemeanor conviction of failure to stop and give information should not have been assessed a criminal-history point. This is so, he argues, because this conviction qualified as an excluded offense under Section 4A1.2(c) of the Sentencing Guidelines. The Government concedes that this inclusion "appears to be a clear or obvious error." That concession is probably correct, but we examine only whether such error affected Garcia Miguel's substantial rights.

To prove that his substantial rights were affected, Garcia Miguel "must show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (quotation marks and citation omitted). "When a defendant is sentenced under an incorrect Guidelines range . . . the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Id.* at 1345. On the one hand, if "the record is silent as to what the district court might have done had

4

it considered the correct Guidelines range," the defendant can usually show his substantial rights were affected. *Id.* at 1347. On the other, if the record provides evidence that the district court "based the sentence . . . on factors independent of the Guidelines," there is no effect on the defendant's substantial rights. *Id.* at 1346–47.

The district court identified a variety of factors independent of the Guidelines range that led to the sentence imposed:

> I considered 18 [U.S.C. §] 3553(a). I think, based on this defendant's egregious background, including driving drunk on this road and being put out of the country six times, that I don't feel that the guidelines are appropriate in this case. Therefore — and this is my exact reasoning — due to the nature and circumstances of the offense and the extensive criminal history and characteristics of the defendant, the [c]ourt feels an upward variance is appropriate in this case.

"Therefore, I'm going up," the district court stated when it sentenced Garcia Miguel to 36 months in federal prison with the maximum time of supervised release.

Although Garcia Miguel emphasizes the district court's phrasing of "upward variance" and "I'm going up" as indicators that the district court relied on the incorrect Guidelines range, we do not interpret these words as overriding the court's consideration of independent factors in its sentencing decision. The district court acknowledged the existence of the Guidelines range but did not indicate reliance on them.

That referring to a sentencing range is not the same thing as relying on the range was the message from one of our precedents, which dealt with a district judge's statement "that the defendant should receive a sentence of imprisonment significantly above the top of the advisory guideline range." *United States v. Nino-Carreon*, 910 F.3d 194, 197 (5th Cir. 2018). Though

there was likely error in the sentencing range resulting from how certain prior convictions were considered, we held that the district court's detailed reiteration of the defendant's criminal history indicated the court would have given the same sentence even if a lower sentencing range had been calculated. *Id.* at 198. In another case, the district court stated that the defendant's criminal history and "lack of respect for the law" required a sentence above the Guidelines range; that statement, joined with the court's explicit reliance "on facts independent of the Guidelines in determining that an upward variance was warranted," demonstrated the sentence was not affected by the calculation under the Guidelines. *United States v. Johnson*, 943 F.3d 735, 738–39 (5th Cir. 2019).[1]

We apply those considerations here. The district judge explained his rationale for imposing a 36-month sentence. It was Garcia Miguel's criminal history, combined with his continued illegal reentry into the country, that motivated the sentence, not the PSR's recommendation. As we quoted earlier, the district court referred to the "circumstances of the offense and the extensive criminal history and characteristics of the defendant," calling those factors "my exact reasoning" for the sentence, and then said Garcia Miguel was sentenced to "three more years," apparently a reference to a prior sentence of three years. We consider these reasons to be independent of any previously calculated number.

---

[1] This case also evaluated whether the independent facts that the district court relied on were erroneous. *Johnson*, 943 F.3d at 739–40. "[B]ecause the district court relied on facts independent of the Guidelines in determining that an upward variance was warranted, if those relied-upon facts were erroneous, Johnson's substantial rights could have been affected." *Id.* at 739. Garcia Miguel does not suggest that the independent facts the district court relied upon were erroneous.

There was no plain error because Garcia Miguel has not shown that his substantial rights were affected.

## II.    *Pronouncement of special condition of supervised release*

Garcia Miguel next argues that a conflict exists between the district court's oral pronouncement and written judgment. Specifically, Garcia Miguel asks this court to remand to the district court because the work-authorization provision was not orally pronounced at sentencing.

First, we must classify the condition at issue as mandatory or discretionary – only discretionary conditions are subject to the oral-pronouncement requirement. *United States v. Diggles*, 957 F.3d 551, 558 (5th Cir. 2020) (*en banc*). We handed down that decision after the briefing in this case, but it controls. We held that central to classifying "is whether a condition is required or discretionary under the supervised release statute." *Id.* at 559 (citing 18 U.S.C. § 3583(d)). Garcia Miguel is correct that the work-authorization provision is a discretionary condition of supervised release subject to pronouncement because it is not identified as mandatory in the supervised-release statute. *See* 18 U.S.C. § 3583. Accordingly, the district court must have pronounced the work-authorization provision at the hearing.

When an opportunity to object was present but no objection occurred, plain-error review applies. An oral announcement that the district court is adopting the PSR and its proposed conditions is enough notice to allow for objection. *Diggles*, 957 F.3d at 560. We held in *Diggles* that "[o]ral in-court adoption of a written list of proposed conditions provides the necessary notice." *Id.* "If oral adoption is good enough for the Guidelines calculation, then it should be good enough for supervision conditions." *Id.* at 562. Here, the district court asked both parties if there were any objections regarding the PSR. Hearing none, the district court adopted the PSR and all addenda.

Thus, Garcia Miguel had an opportunity to object to the proposed conditions and did not. That leads to review for plain error.

Again, error must occur, be clear, and affect the defendant's substantial rights. *See Sanchez-Hernandez*, 931 F.3d at 410. Above, the focus was on whether conceded error affected substantial rights. Our analysis differs here. Garcia Miguel cannot show error. The questionable discrepancy occurred when the district court said that Garcia Miguel must "remain outside the United States unless legally authorized to reenter." The PSR's appendix and the written judgment provided that Garcia Miguel "must seek proper documentation from U.S. Immigration and Customs Enforcement authorizing [him] to work in the United States." These requirements do not conflict; admittedly, they are not identical. *See United States v. Vasquez-Puente*, 922 F.3d 700, 703 (5th Cir. 2019).

The work-authorization provision in the written judgment did not expand the district court's oral explanation of the special conditions but clarified it. *See United States v. Hinojosa*, 956 F.3d 331, 333 (5th Cir. 2020). Orally, the district court stated that Garcia Miguel must be legally authorized to reenter. The written judgment clarifies that one avenue for legal reentry is work authorization. The difference at most creates ambiguity, but if so, it can be resolved by considering the PSR appendix adopted by the district court during the sentencing hearing without objection. *See id.* No conflict exists, and no error occurred. AFFIRMED.