# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 13, 2021

Lyle W. Cayce
Clerk

No. 21-40098
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

IVONNE GARCIA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-874-10

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

Ivonne Garcia was sentenced to 210 months of imprisonment followed by 5 years of supervised release after pleading guilty to conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A). She contends that the district court erred

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-40098

by including a special supervised release condition in the written judgment that was not pronounced at sentencing and that there is a clerical error in the written judgment.

Because Garcia had no opportunity to raise these objections before the district court, we review for an abuse of discretion. *United States v. Diggles*, 957 F.3d 551, 559-60 (5th Cir.), *cert. denied*, 141 S. Ct. 825 (2020).

When oral pronouncement of a condition of supervised release differs from the written judgment, the oral pronouncement controls. *United States v. Hinojosa*, 956 F.3d 331, 333 (5th Cir. 2020). While the district court ordered that Garcia participate in an outpatient drug treatment program, the written judgment imposed an additional condition of supervised release by requiring her to participate in an inpatient alcohol-abuse treatment program. Because the requirement that she receive inpatient treatment was not pronounced at sentencing, this special condition of supervised release must be removed from the written judgment. *See United States v. Fields*, 977 F.3d 358, 367 (5th Cir. 2020).

Additionally, the written judgment mistakenly states that Garcia pled guilty to conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana *and* 5 kilograms of cocaine. A review of the record reflects that the Government abandoned the cocaine charge. Accordingly, this matter should be remanded for correction of the judgment under Federal Rule of Criminal Procedure 36. *See United States v. Cooper*, 979 F.3d 1084, 1088-89 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 1715 (2021).

Based upon the foregoing, the judgment of the district court is AFFIRMED in part, VACATED in part, and REMANDED for amendment of the written judgment consistent with this opinion.