# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 23, 2022

Lyle W. Cayce
Clerk

No. 21-40646
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Oscar Alejandro Zapata,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:19-CR-94-1

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Oscar Alejandro Zapata, federal prisoner # 97037-479, pled guilty to conspiracy to transport undocumented aliens within the United States for financial gain. He was sentenced to 24 months in prison, followed by two years of supervised release. The district court imposed several conditions of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40646

supervised release, including the special condition that Zapata participate in an inpatient or outpatient substance abuse treatment program. Zapata's term of supervised release began on March 26, 2021.

On August 25, 2021, the district court found that Zapata had violated the terms of his supervision by committing two additional law violations and by failing to participate in substance abuse treatment. The court revoked Zapata's supervised release and sentenced him to six months in prison, followed by a one-year term of supervised release. The court ordered, as conditions of supervision, that Zapata participate in both mental health and substance abuse treatment programs. The court designated Zapata's substance abuse treatment as "outpatient," but further ordered that he "participate in a community treatment center, halfway house, or similar facility for a period of up to 180 days" following his release.

Zapata now asserts that the district court erred by imposing up to 180 days of community confinement without supporting evidence or explanation. Because Zapata failed to object to this special condition in the district court, we review only for plain error. *See United States v. Hinojosa*, 956 F.3d 331, 334 (5th Cir. 2020); *Puckett v. United States*, 556 U.S. 129, 135 (2009). Though district courts have broad discretion to impose special conditions of supervised release, three requirements must be met:

> First, the condition must be reasonably related to one of four factors in § 3553(a): (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the adequate deterrence of criminal conduct; (3) the protection of the public from further crimes of the defendant; and (4) the provision of needed educational or vocational training, medical care, or other correctional treatment. Second, the condition cannot impose any greater deprivation of liberty than is reasonably necessary to advance deterrence, protect the public from the defendant, and advance the

defendant's correctional needs.  Third, the condition must be consistent with any pertinent policy statements issued by the Sentencing Commission.

*Hinojosa*, 956 F.3d at 334 (quoting *United States v. Hathorn*, 920 F.3d 982, 984 (5th Cir. 2019)); *see* 18 U.S.C. § 3583(d)(1)–(3).  District courts must provide factual findings to justify the imposition of special conditions of supervised release.  *United States v. Salazar*, 743 F.3d 445, 451 (5th Cir. 2014).  But absent such findings, we "may nevertheless affirm a special condition 'where the [district] court's reasoning can be inferred after an examination of the record.'"  *United States v. Caravayo*, 809 F.3d 269, 275 (5th Cir. 2015) (quoting *Salazar*, 743 F.3d at 451).

Zapata does not dispute that the mental health and substance abuse treatment conditions "find ample record support."  Unlike those conditions, he argues, the community confinement condition "is improper because the district court failed to explain any basis for imposing it and the record contains no evidence to justify its imposition."

But the district court explained the need for Zapata to have mental health and substance abuse treatment in either an inpatient or outpatient setting.  The district court heard from Zapata and his counsel about his lack of self-discipline and control, which led to his failure to participate in the originally imposed treatment.  And after consulting with the probation officer, the district court selected outpatient treatment.  It may be inferred from the record that the district court imposed community confinement for the purpose of providing Zapata with the support and structure that would allow him to be treated successfully for his mental health and substance abuse issues on an outpatient basis.  Consequently, Zapata has not shown error, plain or otherwise, in the district court's imposition of community confinement.  *See Hinojosa*, 956 F.3d at 334–35.

AFFIRMED.