# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 10, 2023

Lyle W. Cayce
Clerk

No. 22-40720

United States of America,

*Plaintiff—Appellee*,

*versus*

Alejandro Recio-Rosas,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:22-CR-547-1

_____

Before Richman, *Chief Judge*, and Jones and Ho, *Circuit Judges*.
Per Curiam:[*]

## I.

Recio-Rosas, a citizen of Mexico, has been deported from the United States repeatedly over the past three decades. The list of crimes he has committed in the United States is extensive. He has been convicted of two felony burglaries. He has been convicted of theft multiple times, on dates ranging from 1995 to 2016. He has been convicted of assault—for domestic

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-40720

violence toward a woman.  This is not to mention his other assorted convictions, ranging from a false claim of U.S. citizenship, to tampering with a government record, to evading arrest, and beyond.

Most recently, Recio-Rosas pleaded guilty to illegally reentering the United States after a prior deportation, in violation of 8 U.S.C. § 1326.  At the time of this offense, Recio-Rosas was 51 years old, but had only spent one year of his adult life in Mexico, his country of citizenship.

Under the Sentencing Guidelines, Recio-Rosas's recommended range spanned from 3 years and 10 months (46 months) to 4 years and 9 months (57 months).  But "[c]onsidering the need to promote respect for the law and to deter further criminal conduct," and in light of Recio-Rosas's extensive criminal history, the district court sentenced Recio-Rosas to 6 years (72 months).

Recio-Rosas now challenges his sentence as procedurally and substantively unreasonable.  As Recio-Rosas concedes, the district court correctly calculated the Guidelines range as 46 to 57 months.  He nonetheless objects to the upward departure from the Guidelines range.

Although Recio-Rosas raises other objections to that upward departure, he chiefly objects to two misstatements by the district judge:  (1) During the spoken sentencing colloquy, the district judge remarked: "Altogether I counted six—six theft offenses, you know."  Yet, with the two burglaries excluded, Recio-Rosas was only convicted of four theft offenses.  (2) Likewise, the district judge remarked:  "You violate your probation. Because even though you're deported, you come right back.  And you end up having to serve a sentence of seven years in connection with that case."  But, although Recio-Rosas was sentenced to 7 years for that offense, he did not ultimately serve the entire 7-year sentence.

We reject Recio-Rosas's challenges.  We thus affirm his sentence.

No. 22-40720

## II.

As Recio-Rosas concedes, he failed to raise his procedural reasonableness challenge in district court. So we review the procedural reasonableness of the sentence for plain error. *See United States v. Coto-Mendoza*, 986 F.3d 583, 585 (5th Cir. 2021) ("[I]f the defendant failed to object to a procedural error, we review only for plain error.").

Plain error review has four prongs. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). There must be (1) an error that (2) is clear or obvious, that (3) has affected the appellant's substantial rights, and that also (4) "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.*

The Government concedes that the district court mistakenly counted six prior theft convictions when there were only four, and mistakenly suggested that Recio-Rosas had served 7 years for a 1991 vehicle burglary conviction, when he actually served 10 months of the 7-year sentence. These, the Government admits, were obvious errors.

Yet the Government argues, and we agree, these misstatements did not affect Recio-Rosas's substantial rights. Nor did they impugn the fairness, integrity, or reputation of the proceedings.

### A.

We conclude that the two isolated misstatements did not affect Recio-Rosas's substantial rights. The two misstatements were unimportant and did not form the basis of the district court's decision to depart upward from the Guidelines range.

In sentencing Recio-Rosas, the district court detailed his extensive criminal history—and did so accurately, apart from the two conceded misstatements. Although he had been deported in March 2021, he illegally

re-entered in March 2022. Recio-Rosas had, at various points, committed theft, evaded arrest, tampered with government records, and committed assault. Moreover, when Recio-Rosas had initially entered the country at age twenty, he immediately committed burglary of a vehicle. The district judge went on to explain:

> I believe, considering all the 3553(a) factors, that it is necessary to sentence you to something above the Guideline range. Because looking at the history here, you have, throughout the period of time that you have been in our country, engaged in conduct that has landed you before a Court.

> You have numerous convictions here. And even, despite a sentence of 70 months for a reentry charge, as well as a sentence of 63 months, here you are once again.

> I believe it would send the wrong message to sentence you to something less than the 63 months. The Court believes it is necessary to sentence you to something more than that. Considering the need to promote respect for the law and to deter further criminal conduct, I am going to sentence you to a term of 72 months in custody.

The district court also adequately explained its variance from the Guidelines in its written statement of reasons:

> The Court found that a variance above the guideline imprisonment range was warranted due to the defendant's continued disregard of the law. Specifically, while in the U.S. the defendant has continued to engage in criminal conduct and has two prior illegal reentry convictions.

The two misstatements that Recio-Rosas highlights simply did not affect the district court's bottom-line conclusion.

Moreover, these misstatements go more to style than to substance. The district court imprecisely referred to Recio-Rosas's six theft convictions: "Altogether I counted six—six theft offenses, you know." But this was likely just a colloquial way of adding his four theft convictions to his two burglary convictions.

Many English speakers do not carefully distinguish between "theft" and "burglary." *Cf.* Merriam-Webster Thesaurus, *s.v. theft* (listing "burglary" as a synonym of "theft"); *id. s.v. burglary* (listing "theft" as a synonym of "burglary"). District judges are not necessarily any different, especially when, as here, they are speaking rather than writing. Substantial rights don't require linguistic pedantry.

Similarly, the district court's misstatement about the 7 years did not go to Recio-Rosas's substantial rights. "You violate your probation. Because even though you're deported, you come right back. And you end up having to serve a sentence of seven years in connection with that case." The imprecision was that, although Recio-Rosas was sentenced to 7 years, he only served part of that time.

Taken in its colloquial context, however, the district judge's statement need not literally mean that Recio-Rosas spent 7 years in prison. When he was originally sentenced, he was told he would "have[] to" serve 7 years. And the history of repeated violations—"even though you're deported, you come right back"—is what's important to the district court's analysis, not the precise length of the sentence initially given or ultimately served.

Circuit precedent is also clear that these isolated misstatements did not affect Recio-Rosas's substantial rights. In *United States v. Johnson*, 943 F.3d 735 (5th Cir. 2019), the district judge made a misstatement during sentencing: "In 2006 . . . you had dope and you were carrying a weapon." *Id.*

at 739. Yet the record showed that the 2006 arrest was for unlawfully carrying a gun in a school zone, with no apparent drug involvement. *Id.* at 740. The panel held that this "single misstatement, when considered in the context of the record as a whole, did not affect Johnson's substantial rights." *Id.* This was especially so given that the district court "relied on and adopted the [Presentencing Report], which correctly reflects that Johnson's 2006 conviction was only gun-related." *Id.* at 739.

Similarly here, the isolated misstatements do not affect Recio-Rosas's substantial rights when considered against his extensive criminal record. And there's no reason to think that the misstatements were anything more than that—isolated misstatements—given that the district court expressly adopted the Presentencing Report. As incorporated into the district court's statement of reasons, the Presentencing Report accurately summarized Recio-Rosas's criminal history.

We conclude that the two isolated misstatements Recio-Rosas points to did not affect his substantial rights.

**B.**

Although that is enough to reject Recio-Rosas's procedural reasonableness challenge to his sentence, we also conclude that Recio-Rosas fails on the fourth prong of plain error review. The misstatements do not seriously affect the fairness, integrity, or public reputation of judicial proceedings. As the Government argues, Recio-Rosas's extensive three-decade criminal history amply warrants the 6-year sentence, which departs upward from the maximum Guidelines sentence by just 1 year and 3 months.

Because Recio-Rosas fails on both the third and the fourth prongs of plain error review, we reject his procedural reasonableness challenge to his sentence.

No. 22-40720

### III.

Recio-Rosas also challenges the substantive unreasonableness of the sentence. As the Government concedes, Recio-Rosas preserved this objection in district court. Still, we review the substantive reasonableness of the sentence only for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). "Appellate review of the substantive reasonableness of a sentence is highly deferential." *United States v. Hoffman*, 901 F.3d 523, 554 (5th Cir. 2018) (cleaned up).

Recio-Rosas argues that the sentence is substantively unreasonable because it overweighs—or double-counts—his criminal history, which was already factored into the Guidelines calculation. This argument is foreclosed by precedent. *United States v. Zarco-Beiza*, 24 F.4th 477, 480 (5th Cir. 2022) ("[W]e have rejected the contention that the district court may not rely on factors already encompassed within the guidelines to support a non-guidelines sentence.") (cleaned up); *United States v. Key*, 599 F.3d 469, 475 (5th Cir. 2010) ("[G]iving extra weight to circumstances already incorporated in the guidelines . . . is within the discretion of the sentencing court.")

Recio-Rosas also contends that the sentence is substantively unreasonable because his criminal history included a past sentence that had been inflated by a now-obsolete enhancement. Yet Recio-Rosas cites no authority, and we are aware of none, establishing that a district court may not consider a sentence that resulted from a subsequently-abolished enhancement. We therefore reject this argument.

Finally, Recio-Rosas contends that the sentence is substantively unreasonable because it is outside of the norm for illegal reentry offenders. But this argument is foreclosed by precedent. *See United States v. Hernandez*, 633 F.3d 370, 379 (5th Cir. 2011) ("[A]n argument premised primarily on

sentencing disparity is insufficient to render a sentence substantively unreasonable.").

And we have previously affirmed the substantive reasonableness of a 72-month sentence for illegal re-entry. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008) ("[The criminal defendant] has not shown his seventy-two-month sentence is substantively unreasonable."). We conclude that this sentence was substantively reasonable, as well.

\* \* \*

We accordingly affirm the sentence.