# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 21, 2023

Lyle W. Cayce
Clerk

No. 22-20617
Summary Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

PEDRO IVAN ESPINO-ROSALES,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CR-631-1

_____

Before ELROD, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Pedro Ivan Espino-Rosales appeals his 36-month above-guideline sentence for illegal reentry by a previously deported noncitizen after a felony conviction pursuant to 8 U.S.C. § 1326(a) and (b)(1). Espino-Rosales argues that his sentence is substantively unreasonable because: (1) the district court did not account for sentencing disparities when issuing its ruling; (2) the

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

district court failed to account for his personal history and characteristics, specifically his cultural assimilation; (3) the district court erred in considering his circumstances as a whole.

This court reviews the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 46-47, 49-51 (2007). An above-guidelines sentence may be unreasonable "if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013) (internal quotation marks and citation omitted).

Espino-Rosales fails to show that the district court abused its discretion in varying above the sentencing guidelines. First, his sentencing disparity argument fails as it makes no comparison between his offense conduct, particular criminal history, aggravating or mitigating factors, and related conduct of other defendants who received lesser sentences. *See United States v. Waguespack*, 935 F.3d 322, 337 (5th Cir. 2019). Second, although a sentencing court need not give dispositive weight to a defendant's cultural assimilation, *see United States v. Rodriguez*, 660 F.3d 231, 232, 234-35 (5th Cir. 2011), the record shows the district court considered Espino-Rosales' cultural assimilation argument but found this factor to be outweighed by his criminal history and pattern of illegally reentering the country. Finally, though Espino-Rosales states otherwise, his argument that the court improperly balanced the factors in light of the circumstances as a whole ultimately suggests that the district court should have weighed the sentencing factors differently. Disagreement with the district court's weighing of the 18 U.S.C. § 3553(a) factors is an insufficient ground for reversal. *United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016). In any

event, the record shows the court considered and weighed all the factors, and we give deference to its assessment of their import. *See Gall,* 552 U.S. at 51.

Espino-Rosales also argues that the district court committed a substantive error when it relied on erroneous facts, specifically the use of the words "every time," "benefit" and "opportunities" when detailing his criminal history and illegal reentries. Because he did not raise this argument in the district court, review is limited to plain error. *See United States v. Coto-Mendoza*, 986 F.3d 583, 586 (5th Cir. 2021).

The court committed no clear or obvious error as the presentence report shows a pattern of unlawful entries followed by convictions for other offenses. Further, given the court's consideration of the proper factors and the record, he has failed to demonstrate a "reasonable probability that, but for the [claimed] error, he would have received a lesser sentence." *United States v. Johnson*, 943 F.3d 735, 738 (5th Cir. 2019).

AFFIRMED.