# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 14, 2025

Lyle W. Cayce
Clerk

No. 24-40097
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Angel Hernandez-Prado,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:20-CR-83-1

_____

Before Jolly, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Jose Angel Hernandez-Prado pleaded guilty to illegal reentry after deportation and was sentenced to 51 months of imprisonment. He challenges his sentence on appeal, arguing that the district court misapplied U.S.S.G. § 4A1.2(e) by assessing a criminal history point for a stale 30-day sentence.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-40097

Because he did not object to his sentence on this ground in the district court, our review is for plain error. *See United States v. Johnson*, 943 F.3d 735, 737 (5th Cir. 2019). To prevail on plain error review, Hernandez-Prado must show (1) an error (2) that is "clear or obvious, rather than subject to reasonable dispute" and (3) that affects his substantial rights. *See United States v. Montoya*, 861 F.3d 600, 603 (5th Cir. 2017) (internal quotation marks and citations omitted). If he makes that showing, this court "has the discretion to correct the error but should do so only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." *Johnson*, 943 F.3d at 737 (internal quotation marks and citation omitted).

As the Government concedes, Hernandez-Prado satisfies these requirements. Specifically, the district court erred by assessing a criminal history point for the 30-day sentence imposed in September 2006, more than ten years before the commencement of the instant offense, and that error was clear or obvious. § 4A1.2(e)(1)-(3); *see Johnson*, 943 F.3d at 738. In addition, the error affected his substantial rights, as without the additional point, Hernandez-Prado's criminal history score would have placed him in a lower criminal history category, resulting in a guidelines range of 37 to 46 months, rather than 41 to 51 months of imprisonment, and there is no indication the court would have imposed the same sentence absent the error. *See United States v. Blanco*, 27 F.4th 375, 381-82 (5th Cir. 2022). Given the foregoing, the error seriously affected the fairness, integrity, and public reputation of his judicial proceeding. *See id.* at 382. Hernandez-Prado's sentence therefore is vacated in part and remanded for resentencing on that limited issue.

Hernandez-Prado further contends that the district court misapplied § 4A1.2(k) and its Application Note 11, by assessing three criminal history points to each of two probationary sentences that would have been stale but for the addition of concurrent eight-year revocation sentences premised on the same violation conduct and imposed on the same day. In particular, he

No. 24-40097

maintains that Application Note 11 dictates that the revocation sentence should have been aggregated with only one of the probation sentences, warranting three criminal history points, while the other probation sentence would remain simply a probation sentence outside the applicable look-back period, receiving zero criminal history points.

This court has not yet decided this question. As the parties note, other circuits to address this issue have reached differing conclusions. Under these circumstances, any error is not clear or obvious. *See United States v. Salinas*, 480 F.3d 750, 759 (5th Cir. 2007). The district court's judgment is therefore affirmed with respect to this issue. *See United States v. Rodriguez-Parra*, 581 F.3d 227, 230-31 (5th Cir. 2009).

AFFIRMED IN PART; VACATED IN PART; REMANDED FOR RESENTENCING.