# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 29, 2025

Lyle W. Cayce
Clerk

No. 24-20565

United States of America,

*Plaintiff—Appellee*,

*versus*

Leandro Amaya-Argueta,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CR-405-1

Before Elrod, *Chief Judge*, and Clement and Haynes, *Circuit Judges*.
Per Curiam:[*]

Leandro Amaya-Argueta asserts that his sentence is unreasonable because the district court relied on erroneous facts at sentencing. The district court did not commit plain error, so we AFFIRM.

Amaya-Argueta, a Honduran national, pled guilty to illegal reentry. His criminal history includes a 2006 conviction for illegal entry and a 2022

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

conviction for indecency with a child. Amaya-Argueta is currently serving a ten-year sentence for his 2022 conviction.

At the sentencing hearing, the district court calculated the Sentencing Guidelines range to be 24 months of imprisonment. During Amaya-Argueta's allocution, he explained that he reentered illegally because he needed to, but he is ready to go back to Honduras. The district court stated that it understood the desire to come to the United States for "better opportunities." "I get that. But what I don't understand—and the Court can't accept—is coming back to this country and committing crimes, repeatedly. That's not acceptable. And you knew when you came back in this country what was waiting for you if you committed another crime and were caught."

The district court sentenced Amaya-Argueta to 24 months of imprisonment, to run consecutively to the remaining term of Amaya-Argueta's state sentence, with no supervised release.

On appeal, Amaya-Argueta challenges his sentence. He argues there is no evidence to support the district court's conclusion that he "repeatedly" reentered the country and committed crimes after doing so. As Amaya-Argueta asserts, he reentered once, and he committed one crime while in the United States—he did not "repeatedly" reenter and commit crimes.

We review for plain error because Amaya-Argueta did not object at the district court. *See United States v. Suchowolski*, 838 F.3d 530, 532 (5th Cir. 2016). He must therefore show that (1) an error exists, (2) it is clear or obvious, and (3) it affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009) (citation omitted). Then, we have discretion to correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (citation modified) (citation omitted).

Even if we assume arguendo that an error exists, just saying one word that is wrong is not a clear or obvious error. Even if we were to assume arguendo that numbers 1 and 2 were met, Amaya-Argueta cannot show that the court's reliance on erroneous facts affected his substantial rights. "To satisfy the third prong of the plain error standard, a defendant must show a reasonable probability that, but for the error, he would have received a lesser sentence." *United States v. Johnson*, 943 F.3d 735, 738 (5th Cir. 2019) (citing *United States v. Mudekunye*, 646 F.3d 281, 289 (5th Cir. 2011)). The district court justified its Guidelines sentence by focusing on the instant illegal-reentry offense:

> Respectfully, I believe that the Guidelines should apply in this case as recommended by the Government. And whatever Sentence that you have in State court, you need to serve that Sentence, but this Sentence is for the re-entry, and you need to understand that if you come back again you're looking at spending even more of your life in jail.

Because the district court's alleged misstatement did not impact the district court's sentence, Amaya-Argueta cannot show a reasonable probability that he would have received a lesser sentence. Thus, he does not meet the third requirement. We also would not exercise our discretion to grant a rehearing because fairness, integrity or public reputation of judicial proceedings are not seriously affected.

Accordingly, we AFFIRM.